**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3199-19

FRATERNAL ORDER OF
POLICE, LODGE NO. 164,
SUPERIOR OFFICERS
ASSOCIATION (a/w FOP
NEW JERSEY LABOR
COUNSEL),

     Plaintiff-Appellant,

v.

RUTGERS, THE STATE
UNIVERSITY OF NEW
JERSEY,

     Defendant-Respondent.

_____

Submitted February 9, 2021 – Decided May 3, 2021

Before Judges Moynihan and Gummer.

On appeal from the Superior Court of New Jersey, Chancery Division, Middlesex County, Docket No. C-000194-19.

Markowitz and Richman, attorneys for appellant (Matthew D. Areman, on the briefs).

McElroy, Deutsch, Mulvaney & Carpenter, LLP, attorneys for respondent (James P. Lidon, of counsel and on the brief).

PER CURIAM

Fraternal Order of Police, Lodge No. 164, Superior Officers Association (FOP), the collective negotiations unit for Rutgers University Police Department (RUPD) lieutenants and sergeants, appeals from the trial court's order denying its motion to vacate an arbitrator's dismissal of a grievance concerning a written reprimand issued to a sergeant and granting her employer's, defendant Rutgers, the State University, cross-motion to dismiss plaintiff's verified complaint. Plaintiff argues the trial court failed to review de novo the arbitrator's decision to reject plaintiff's procedural defense that defendant did not file its complaint against the sergeant within forty-five days of "the date on which the person filing the complaint obtained sufficient information to file the matter upon which the complaint is based" (commonly referred to as the 45-day Rule), N.J.S.A. 40A:14-147,[1] and "erroneously reviewed [the arbitrator's] substantive arbitrability determination on an improperly heightened 'reasonable debatable'

---

[1] The application of the statutory 45-day Rule by law enforcement agencies is explained in the Attorney General Guidelines governing "Internal Affairs Policy and Procedures" (the Guidelines). See New Jersey Office of the Attorney General, Internal Affairs Policy & Procedure (Nov. 2017), https://www.nj.gov/oag/dcj/agguide/internalaffairs2000v1_2.pdf.

A-3199-19

standard of review." Plaintiff also contends the arbitrator's decision must be vacated because it was procured by undue means, exceeded the arbitrator's authority and was contrary to law chiefly because the arbitrator "refus[ed] to apply or otherwise accept" the 45-day Rule it contended was applicable under "the statutory mandates of N.J.S.A. 40A:14-181, N.J.S.A. 40A:14-147 and the . . . Guidelines[.]'"

These arguments obfuscate the determinative issue in this case: the arbitrator's findings manifest defendant did not violate the 45-day Rule. Accordingly, reviewing de novo the trial court's denial of plaintiff's motion to vacate, Minkowitz v. Israeli, 433 N.J. Super. 111, 136 (App. Div. 2013), we affirm.

The "underlying facts in this matter" which the arbitrator found "undisputed," inform our decision. The incident that gave rise to the disciplinary action occurred on September 13, 2017. Defendant contended the sergeant improperly delayed her follow-up of a motor-vehicle pursuit by a subordinate officer under her supervision. Defendant's Internal Affairs Bureau (IAB) conducted an investigation of the entire motor-vehicle-pursuit matter. The results of that investigation, which concluded on April 10, 2018, recommended disciplinary action against the sergeant. The RUPD Chief received the

investigation results and, on April 13, 2018,[2] authorized disciplinary action that resulted in a written letter of reprimand the sergeant received on May 10, 2018.

Plaintiff argues the 45-day period to file the complaint should have commenced as early as September 14, 2017, when three RUPD lieutenants prepared a memorandum about the incident. Relying on the Guidelines provision that "[a]lthough the 45[-]day clock begins at the time the person who has the responsibility to file charges has sufficient information, an agency would have a difficult time justifying an extensive bureaucratic delay once any member of that agency has established sufficient information," New Jersey Office of the Attorney General, Internal Affairs Policy & Procedure, 18 (Nov. 2017), https://www.nj.gov/oag/dcj/agguide/internalaffairs2000v1_2.pdf, plaintiff contends "all of the documentary evidence presented at the arbitration hearing suggests that it was others who 'brought the charge' against" the sergeant, specifically identifying one of the lieutenants. We disagree.

The person filing the complaint—the Chief—was not presented with the results of the IAB investigation until three days before he had authorized the complaint. It would have been imprudent to base discipline on a preliminary

---

[2] The arbitrator's decision fixes this date as April 13, 2019. In that the sergeant received the reprimand on May 10, 2018, it is obvious the date should have been April 13, 2018.

A-3199-19

memorandum prepared the day after the actionable conduct. Indeed, an officer subject to discipline after a cursory investigation would likely challenge the sufficiency of the inquiry. "After considering all of the evidence and arguments advanced by the parties," the arbitrator concluded:

> The fact that a memorandum about the underlying incident was prepared by three [RUPD] lieutenants on September 14, 2017[,] did not preclude the Department from embarking on a more detailed investigation of the incident thereafter through the Department's [IAB]. The record evidence establishes that while [the sergeant] was not a primary subject of the investigation, her conduct also became a collateral issue in the matter.

Thus, "sufficient information" was garnered only after a full investigation was complete. See N.J.S.A. 40A:14-147.

The Guidelines, which plaintiff argues establish, in part, defendant's duty under the 45-day Rule, stress "that there [be] no delay between the conclusion of the [internal affairs] investigation by the assigned investigator and the decision to file charges by the person who has that responsibility." New Jersey Office of the Attorney General, Internal Affairs Policy & Procedure, 18 (Nov. 2017), https://www.nj.gov/oag/dcj/agguide/internalaffairs2000v1_2.pdf. That tenet was not violated here where the reprimand was issued within forty-five days after the IAB investigation concluded. As the arbitrator determined, "[t]he

incident was thoroughly investigated and the results are sufficient for [defendant] to meet its burden of proving just cause on the merits."

Our determination obviates the need to address plaintiff's other claims of error. We, nevertheless, determine the 45-day Rule did not apply to the sergeant's disciplinary complaint.

In 1997, the New Jersey Legislature enacted N.J.S.A. 40A:14-181, requiring the incorporation of the Guidelines, first published in 1991, into law enforcement agencies' own internal affairs guidelines. N.J.S.A. 40A:14-181. In 2015, that statute was amended to include police agencies such as the RUPD:

> Every law enforcement agency, <u>including a police department of an institution of higher education established pursuant to N.J.S.A. 18A:6-4.2</u>, shall adopt and implement guidelines which shall be consistent with the guidelines governing the "Internal Affairs Policy and Procedures" of the Police Management Manual promulgated by the Police Bureau of the Division of Criminal Justice in the Department of Law and Public Safety, and shall be consistent with any tenure or civil service laws, and shall not supersede any existing contractual agreements.
>
> [<u>Ibid.</u>]

Notably, the statute provided that its requirement "shall not supersede any existing contractual agreements." <u>Ibid.</u>

A-3199-19

The collective negotiated agreement between plaintiff and defendant in effect at the time of the disciplinary matter commenced on July 1, 2014—a year prior to the amendment to N.J.S.A. 40A:14-181—and ran through June 30, 2019. The agreement did not provide for a 45-day Rule procedure. In fact, the arbitrator found "there was record testimony acknowledging that the '45[-]day [R]ule' was not included in the parties' [a]greement, as well as record evidence of negotiations history for the current [a]greement wherein [plaintiff] unsuccessfully sought to include the '45[-]day [R]ule' as part of the [a]greement." The mandate to include the 45-day Rule did not, therefore, impact the agreement in effect at the time the sergeant was disciplined, and defendant was not required to file a complaint within those time parameters, though it did.

We see no reason to disturb the arbitrator's conclusion that defendant did not violate procedures so as to require the reprimand to be rescinded. This is not a case "[w]here the arbitrator[] exceeded or so imperfectly executed [her] powers that a mutual, final and definite award upon the subject matter submitted was not made."[3] N.J.S.A. 2A:24-8(d). Thus, the trial court did not err in denying

---

[3] Plaintiff concedes none of the other statutory bases for vacating the award are implicated.

plaintiff's motion to vacate the arbitrator's award and defendant's cross-motion to dismiss plaintiff's verified complaint.

To the extent not addressed, we determine plaintiff's remaining arguments, including those related to the arbitrator's interpretation of the contract, to be without sufficient merit to warrant discussion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3199-19